**Noel NAZARIO–VELAZQUEZ,**
**et al., Plaintiffs,**

v.

**Jose A. DEL VALLE, et al., Defendants.**

Civ. No. 92–2857 (JAF).

United States District Court,
D. Puerto Rico.

Jan. 10, 1994.

Walter X. Martínez–Morillo, San Juan, PR, for plaintiffs.

Jaime Brugueras, Muñoz Boneta Gonzalez Arbona Benitez & Peral, San Juan, PR, for defendants.

Alex González, San Juan, PR, for codefendant José A. del Valle.

### OPINION AND ORDER

FUSTE, District Judge.

Plaintiff Noel Nazario–Velázquez, together with his wife and the conjugal partnership composed of both, brought suit against various employees of the Puerto Rico Electrical Power Authority, alleging that as a result of political discrimination they had caused a criminal prosecution to be brought against Nazario–Velázquez, in violation of his constitutional rights. Defendants moved to dismiss or, in the alternative, for summary judgment. We treat the motion as one for summary judgment and grant the defendants' motion as to the federal claims. Because no federal question remains, we decline to retain jurisdiction over the supplemental state claims and, therefore, dismiss those claims without prejudice.

**1.** Although his complaint alleged that defendant was demoted as a result of political discrimination, in the opposition to the motion for summary judgment plaintiff made it clear that he is

## I.

### Background

Plaintiff Noel Nazario–Velázquez was an employee of the Puerto Rico Electrical Power Authority ("PREPA"). In 1989, he was appointed to the position of Director of the Electrical System. On December 27, 1990, Nazario–Velázquez was removed from that post and appointed to a lower position as Assistant to the Deputy Executive Director of the Authority.[1] Sometime in mid–1990, an investigation of Nazario–Velázquez was begun by a criminal section within the Justice Department of Puerto Rico, regarding certain PREPA contracts. Around the same time, an internal PREPA investigation of Nazario–Velázquez was initiated. The internal investigation was in connection with the alleged solicitation and cashing of unearned and unauthorized mileage benefits. As a result of this investigation, Nazario–Velázquez and defendant Jose A. del Valle, then Executive Director of PREPA, entered into a stipulation through which Nazario–Velázquez agreed to pay back the amount allegedly overcharged, but did not accept any guilt regarding the incident. The stipulation stated that the agreement was final and disposed of the matter completely.

During this time, pursuant to a contract between PREPA and the Puerto Rico Justice Department, special prosecutors were assigned to investigate and prosecute allegations of criminal acts committed by employees of PREPA. In January of 1992, Special Prosecutor Damaris Torres, who was assigned to PREPA, requested information regarding the internal investigation of Nazario–Velázquez and several other employees. After receiving the documents and requesting additional information from PREPA, Torres brought an indictment against Nazario–Velázquez for fourteen counts of aggravated unlawful appropriation, in violation of Article 166(a) of the Puerto Rico Penal Code, 33 L.P.R.A. § 4272. Two preliminary hearings at the District and Superior Court levels resulted in findings of no probable cause.

not seeking relief based upon this event. Therefore, we will not address any contention regarding the demotion.

Plaintiffs brought suit against PREPA; del Valle, in his official and individual capacity; José Gandía–Figueroa, chief of the office of auditors; and PREPA officers José Cobián–Tormos, José L. Olivencia–Sepúlveda, Rubén Portuguez–García, and Esteban Romero–García, in their individual capacities. Plaintiffs also included as defendants the wives and the conjugal partnerships of each of the defendants, except Gandía–Figueroa. Plaintiffs allege that defendants violated Nazario–Velázquez' right to free speech under the first amendment and to substantive due process under the fifth, ninth and/or fourteenth amendments. In addition, plaintiffs allege that the defendants' actions constituted a violation of Nazario–Velázquez's right to procedural due process of law. Plaintiffs claim that the defendants caused the indictments and prosecution of Nazario–Velázquez to go forward as a result of political discrimination and in retaliation for Nazario–Velázquez' criticism of del Valle. Pendent state claims were also included, alleging malicious prosecution and employment discrimination.

Defendants filed what was termed a motion to dismiss and/or for summary judgment. Because the defendants presented, and we have accepted, matters outside of the pleadings, the motion shall be treated as one for summary judgment. Fed.R.Civ.P. 12(c) and 56.

## II.

### *Discussion*

### A. *Standard for Summary Judgment*

The purpose of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Garside v. Osco Drug, Inc.,* 895 F.2d 46, 50 (1st Cir.1990) (quoting Fed. R.Civ.P. 56 advisory committee's note). Therefore, if the pleadings, depositions, answers to interrogatories, admissions, and any affidavits on file show that there is no genuine issue as to a material fact, then the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

Where, as here, the moving party does not have the burden of proof at trial, that party must make a showing that the evidence is insufficient to support the nonmoving party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Once this showing has been made, it is up to the nonmoving party to establish the existence of a genuine disagreement as to some material fact. *United States v. One Parcel of Real Property,* 960 F.2d 200, 204 (1st Cir.1992). The nonmoving party cannot discharge this burden by resting upon mere allegations or denials of the moving party's pleading. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). In this context, "genuine" means that "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and a "material fact" is one which "might affect the outcome of the suit under the governing law." *Id.* at 248, 106 S.Ct. at 2510.

### B. *Federal Claims*

Plaintiffs claim that defendants violated Nazario–Velázquez' rights to free speech, substantive due process, and procedural due process. Defendants contend that they are entitled to qualified immunity in regard to the section 1983 action. Whether or not state actors are immune from suit requires a determination of whether the constitutional right asserted by a plaintiff was clearly established at the time the challenged actions occurred. *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). However, the Supreme Court has recognized that "[a] necessary concomitant to the determination of [whether immunity exists] is the determination of whether the plaintiff has asserted a violation of a constitutional right at all." *Siegert v. Gilley,* 500 U.S. 226, 287, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991). *See also Watterson v. Page,* 987 F.2d 1, 7 (1st Cir.1993). Therefore, when a defendant moves for summary judgment on the basis of qualified immunity, the plaintiff must demonstrate the infringement of a federally-assured right in order to survive the motion. *Quintero de Quintero v. Aponte–Roque,* 974 F.2d 226, 228 (1st Cir.1992).

■ Even assuming that the indictment and prosecution of Nazario–Velázquez was in violation of his constitutional rights, each of the claims made by plaintiffs depend upon the allegation that the defendants took actions which caused the prosecution to go forward. "In constitutional-tort cases as in other cases, 'a man [is] responsible for the natural consequences of his actions.'" *Jones v. City of Chicago*, 856 F.2d 985, 993 (7th Cir.1988) (quoting *Monroe v. Pape*, 365 U.S. 167, 187, 81 S.Ct. 473, 484, 5 L.Ed.2d 492 (1961)). We find that plaintiffs have failed to establish an issue of material fact as to whether actions taken by any of the defendants caused criminal charges to be brought against Nazario–Velázquez. As a result, this claim can proceed no further.

In the complaint, plaintiffs allege that defendants "aided, cooperated and promoted the criminal cases or in the criminal charges against Nazario–Velázquez by providing in a close, intimate, and active manner the evidence to come forward against him in the indictment and by giving the District Attorneys from the Justice Department of Puerto Rico instruction to go forward with the 14 charges against Nazario–Velázquez knowing there was no probable cause in law to support prosecution." Plaintiffs further contend that after the preliminary hearing resulted in a finding of no probable cause, the defendants gave the district attorney orders to appeal. Plaintiffs' contention appears to be that only codefendants del Valle, Portuguez–García, and Cobián–Tormos had the authority to refer cases to the Justice Department under the contract between PREPA and the Department. From this allegation, Nazario–Velázquez concludes that there is no doubt that his case was referred to the Justice Department by the defendants.

Plaintiffs attempt to support these allegations through excerpts from the deposition of codefendant Gandía–Figueroa. In the deposition, Gandía–Figueroa admits that codefendant Cobián–Tormos was the head of the unit in charge of forwarding cases to the Justice Department, that codefendant Olivencia–Sepúlveda was the person responsible for forwarding cases to the Department of Justice, that codefendant Portuguez–García was responsible for holding administrative hearings with regard to disciplinary cases, and that codefendant Romero–García would receive copies of certain personnel reports. None of this testimony serves to establish that referral by the defendants was the sole means by which the Justice Department could instigate an investigation. Nor does it suggest that any of the defendants had a role in referring Nazario–Velázquez' case to the Justice Department.

The contract between PREPA and the Department of Justice also fails to provide evidence of plaintiffs' allegations. The contract merely states that judicial actions will be coordinated with a person designated by PREPA, in order to ensure a uniform policy of criminal litigation.

■ Plaintiffs have failed to provide any evidence, or even make detailed allegations, about any actions of defendants which were responsible for the indictment against Nazario–Velázquez. There is a presumption that a prosecutor exercises independent judgment, which may be rebutted by a showing that the prosecutor was pressured to bring charges contrary to her judgment, or that false information was provided to the prosecutor. *See, e.g., Senra v. Cunningham*, 9 F.3d 168, 174 (1st Cir.1993); *Morales v. Ramírez*, 906 F.2d 784, 789 (1st Cir.1990). Defendants attached to their motion for summary judgement an affidavit by the Special Prosecutor for the Justice Department who was responsible for prosecuting Nazario–Velázquez' case. In her affidavit, the prosecutor states that she became aware that Nazario–Velázquez was the subject of an internal investigation while inquiring into another case and, as a result of the fact that Nazario–Velázquez was already being investigated by her office, she followed up by requesting all information related to the internal investigation. She further states that she initiated the criminal investigation and prosecution of Nazario–Velázquez on her own initiative, without advice from any of the defendants. The defendants also attached to the motion some correspondence through which Torres requested files regarding the investigation of Nazario–Velázquez, and Gandía–Figueroa provided the requested information.

The existence of the stipulation agreement between del Valle and Nazario–Velázquez does give us pause, since it purported to be the final disposition of the mileage matter. However, PREPA is under a legal compulsion to cooperate with the Justice Department. 3 L.P.R.A. § 82a (1989).[2] Even if cooperating with the prosecutor was in violation of the stipulation, this still does not establish that any of the defendants encouraged or coerced the prosecutor to bring charges against Nazario–Velázquez.

Viewing the evidence in the light most favorable to the non-moving party, as we must, *Bank One Texas, N.A. v. A.J. Warehouse, Inc.*, 968 F.2d 94, 97 (1st Cir.1992), we are unable to find that plaintiffs have met their burden of establishing the existence of a genuine issue of material fact. Nothing but the bald assertions of plaintiffs suggests that any of the defendants were involved in the decision to proceed on the indictment and prosecution of Nazario–Velázquez. At the most, it has been established that defendant Gandía–Figueroa forwarded some files regarding the internal investigation of Nazario–Velázquez to the Justice Department at the request of prosecutor Torres. Such cooperation does not establish that Gandía–Figueroa caused Torres to bring an indictment. The affidavit of Torres provides uncontroverted evidence that she acted on her own initiative, with the advice and consent of her supervisors, in proceeding on the indictment against Nazario–Velázquez. Since there is no evidence that defendants were responsible for the indictment, they cannot be liable for any alleged constitutional violations stemming from the prosecution. Because plaintiffs have failed to establish a genuine issue of material fact, we must grant the summary judgment motion for the section 1983 action.

The third cause of action alleged violations of the Constitution and statutes of the Commonwealth of Puerto Rico, specifically malicious prosecution and employment discrimination. Following the rule set forth in *United Mine Workers v. Gibbs*, 383 U.S. 715, 726–27, 86 S.Ct. 1130, 1139–40, 16 L.Ed.2d 218 (1966), we exercise our discretion and dismiss without prejudice these supplemental state claims. *See Newman v. Burgin*, 930 F.2d 955, 963–64 (1st Cir.1991); *Gilbert v. City of Cambridge*, 932 F.2d 51, 67 (1st Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 192, 116 L.Ed.2d 153 (1991).

### III.

### *Conclusion*

We **DISMISS** all federal claims for failure to state a cause of action. We **DISMISS WITHOUT PREJUDICE** all state claims. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

---

**2.** 3 L.P.R.A. § 82a provides in part:

When an agency determines that any of its officers or employees is in default in his accounts, has not rendered an exact accounting, or has disposed of public funds or properties for purposes not authorized by law, or that any of its officers or employees or a private person without legal authorization has used, destroyed, disposed of, or benefitted from public funds or property under the care, control or custody of the agency, the latter shall immediately notify the Controller of Puerto Rico for pertinent action.

The agency shall also be responsible for conducting an investigation in order to determine the causes and circumstances in which the loss or disposal of such public properties or funds occurred and taking the administrative measures that are necessary to correct the deficiency that propitiated the loss, and to direct that the proper actions and sanctions be taken against the officers or employees responsible for said action.... [I]n any case in which the outcome of said investigation tends to establish the commission of an illegal act, the agency shall also immediately notify the Secretary of Justice so that he may take the corresponding action.

The above-mentioned notices shall be made even though the funds or properties were, are, or can be returned.