Velcro USA v. Rollins Hudig Hall      CV-96-585-JD  05/23/97

UNITED STATES DISTRICT COURT FOR THE
                         DISTRICT OF NEW HAMPSHIRE


Velcro USA, Inc.

     v.                              Civil No. 96-585-JD

Rollins Hudig Hall of New York


                           O R D E R


     The plaintiff, Velcro USA, Inc., brought this action against

Rollins Hudig Hall of New York, Inc., seeking damages related to

the defendant's alleged failure to obtain insurance coverage for

the plaintiff and to assist in securing coverage under existing

policies held by the plaintiff.  Before the court is the

defendant's motion for summary judgment (document no. 4)[1] and

Velcro USA's motion to amend its complaint (document no. 14).


                         Background

     Between 1973 and 1987, the plaintiff obtained insurance

through a broker known as Frank B. Hall of New York, Inc.

("Hall/New York").  In November 1992, the parent company of

Rollins Hudig Hall of New York, Inc. ("RHH") acquired the assets

of Hall/New York and Hall/New York's immediate successor, Frank

_____

   [1]By procedural order dated January 21, 1997, the court
converted Rollins Hudig Hall's motion to dismiss into a motion
for summary judgment.  See Fed. R. Civ. P. 12(b).

B. Hall Insurance Brokers, Inc. ("FBH Brokers").

On May 27, 1993, the Town of Londonderry, New Hampshire, filed a third-party complaint against the plaintiff, seeking recovery for costs associated with the cleanup of the so-called Auburn Road Superfund Site. The plaintiff subsequently requested the assistance of RHH, which it believed to be its insurance broker, in identifying the applicable insurance policies and placing carriers on notice of the Town's claims. By letter dated October 19, 1993, an RHH claims consultant informed the plaintiff that RHH was not the plaintiff's insurance broker and therefore would neither accept notice of the plaintiff's claims nor report them to insurance carriers. The plaintiff apparently received less than full reimbursement for the costs of the Auburn Road cleanup and, in October 1996, filed this action against RHH, seeking damages related to Hall/New York's failure to obtain coverage for the plaintiff and RHH's failure to secure coverage under existing policies held by the plaintiff.

## Discussion

RHH seeks summary judgment on the ground that it never has been the plaintiff's insurance broker and is not responsible for the negligence and misrepresentations of Hall/New York in failing to obtain and secure coverage for the plaintiff. Specifically,

it asserts that the entity known as RHH did not come into existence until November 1992, when the operating assets of Hall/New York and FBH Brokers were sold to RHH's parent company. Because the November 1992 sale agreement specifically excluded all claims arising from the professional actions, errors, or omissions of Hall/New York and FBH Brokers prior to November 2, 1992,[2] RHH maintains that responsibility for the professional actions of these entities remains the responsibility of FBH Brokers. Velcro asserts that genuine issues of material fact concerning the purchase of Hall/New York and FBH Brokers preclude the entry of summary judgment in favor of RHH.

The role of summary judgment is "to pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required." Snow v. Harnischfeger Corp., 12 F.3d 1154, 1157 (1st Cir. 1993) (quoting Wynne v. Tufts Univ. Sch. of Medicine, 976 F.2d 791, 794 (1st

---

[2]Section 1(d)(vii) of the agreement excludes liability for

> any claims, causes of action, liabilities, losses, damages, deficiencies, costs or expenses (including, without limitation, the fees and expenses of counsel) resulting from or arising directly or indirectly out of any actual or alleged breach of a professional duty as a result of any actual or alleged act, error or omission of the Company [Frank B. Hall & Co., Inc.], any of the Subsidiaries or any of the brokers, agents, employees, independent contractors or representatives of the Company of any Subsidiary prior to the Closing.

3

Cir. 1992)).  The court may only grant a motion for summary judgment where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The party seeking summary judgment bears the initial burden of establishing the lack of a genuine issue of material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Quintero de Quintero v. Aponte-Roque, 974 F.2d 226, 227-28 (1st Cir. 1992).  The court must view the entire record in the light most favorable to the plaintiff, "'indulging all reasonable inferences in that party's favor.'"  Mesnick v. General Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991) (quoting Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990)).  However, once the defendant has submitted a properly supported motion for summary judgment, the plaintiff "may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986) (citing Fed. R. Civ. P. 56(e)).

Under New Hampshire law, "a transferee of assets is not under ordinary circumstances liable for the debts of its predecessor."  Nichols v. Roper-Whitney Co., 843 F. Supp. 799,

4

802 (D.N.H. 1994) (quotation marks omitted). This general rule is subject to four well-recognized exceptions: (1) the successor expressly or impliedly agrees to assume liability; (2) the transaction is properly considered a de facto merger; (3) the successor is a mere continuation of the predecessor; or (4) the transaction is fraudulent. See, e.g., MacCleery v. T.S.S. Retail Corp., 882 F. Supp. 13, 16 (D.N.H. 1994) (products liability); Kleen Laundry & Dry Cleaning v. Total Waste Mgmnt., Inc., 867 F. Supp. 1136, 1139-40 (D.N.H. 1994) (CERCLA) (citing John S. Boyd Co. v. Boston Gas Co., 992 F.2d 401, 408 (1st Cir. 1993)). Where the plaintiff seeks to hold the defendant liable in its capacity as a transferee of assets, the plaintiff must produce facts that bring the defendant within one of these four exceptions. See Santa Maria v. Owens-Illinois, Inc., 808 F.2d 848, 856 (1st Cir. 1986) (applying New York law); Dayton v. Peck, Stow & Wilcox Co., 739 F.2d 690, 692 (1st Cir. 1984) (applying Massachusetts law).

The record before the court indicates that the plaintiff seeks recovery based on the defendant's status as the transferee of the assets of FBH Brokers and of Hall/New York, which served as the plaintiff's insurance broker between 1973 and 1987 and allegedly failed to procure insurance to cover claims such as

those asserted by the Town of Londonderry.[3]  Thus, the plaintiff
bears the burden of producing facts that bring the defendant
within one of the exceptions to the general rule of successor
nonliability.

A review of the record indicates that the plaintiff has
failed to carry its burden on this issue.  While the plaintiff
points to the October 19, 1993, letter written by a claims
consultant in which RHH declined to offer its assistance in
reporting the plaintiff's claims and identified RHH as "Rollins
Hudig Hall of New York, Inc. (formerly Frank B. Hall of New York,
Inc.")," this letter in no way indicates that RHH agreed to
assume Hall/New York's liabilities; that the transaction sale is
properly characterized a <u>de facto</u> merger; that RHH is a mere

_____

[3]The court notes that count I of the plaintiff's complaint
includes allegations that RHH breached its duty to assist the
plaintiff in placing insurance carriers on notice of the claims
asserted by the Town of Londonderry.  Although this claim asserts
liability against the defendant for its conduct after the
November 1992 sale, rather than the pre-sale conduct of Hall/New
York or FBH Brokers, count I of the plaintiff's claim seeks
reimbursement only "to the extent that [insurance] coverage [is]
not available to satisfy the claims asserted against" the
plaintiff.  Because the damages that the plaintiff seeks are
attributable solely to the failure of Hall/New York to procure
insurance for the plaintiff at some point during or prior to
1987, the court does not understand count I to seek any relief
based on the defendant's post-1992 conduct.  The plaintiff's
response to the instant motion, which focuses solely on the issue
of the defendant's liability as a successor and does not assert
the defendant's post-1992 conduct as an independent basis of
liability, confirms this interpretation.

6

continuation of the predecessor; or that the sale of Hall/New York was fraudulent.  See Kleen Laundry, 867 F. Supp. at 1140. RHH therefore is entitled to summary judgment.

Because RHH bears no responsibility for the plaintiff's claims, the court denies the plaintiff's motion to amend its complaint to add as a defendant RHH's successor-in-interest, Aon Risk Services, Inc.  However, the court will permit the plaintiff to amend its complaint to include FBH Brokers as a defendant.[4]

## Conclusion

Defendant RHH's motion for summary judgment (document no. 4) is granted.  Velcro USA's motion to amend its complaint (document no. 14) is granted in part and denied in part.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
Chief Judge

May 23, 1997

cc:  David W. Hess, Esquire
     Pamela E. Phelan, Esquire
     James D. Smeallie, Esquire

---

[4]RHH has expressly represented that FBH Brokers is the successor in interest to Hall/New York, is an existing corporation able to meet any liabilities for Hall/New York's errors and omissions, and has offered to be substituted as a defendant.

7