[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

---

No. 00-1839

FRIEDRICH LU,

Plaintiff, Appellant,

v.

EMERGENCY SHELTER COMMISSION OF CITY OF BOSTON,

Defendant, Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Edward F. Harrington, U.S. District Judge]

---

Before

Boudin, Circuit Judge,
Bownes, Senior Circuit Judge,
and Stahl, Circuit Judge.

---

Friedrich Lu on brief pro se.
Merita A. Hopkins, Corporation Counsel, and Andrea W. McCarthy, Assistant Corporation Counsel, City of Boston Law Department, on brief for appellee.

---

January 22, 2001

---

**Per Curiam**.    After a thorough review of the record and of the parties' submissions, we affirm the dismissal of Count I with prejudice, but we vacate the dismissal of Count II and direct the district court to remand that count to the state court.

As to Count I, we do not rest on the grounds stated by the district court.  Although the district court read appellant Friedrich Lu's ("Lu's") complaint as if Lu claimed that St. Francis House Shelter, a private entity, acted improperly toward him, it appears to us that Lu alleges that "the defendant" – i.e., the Emergency Shelter Commission ("the Commission") – acted improperly.  Further, the lower court went on to conclude that the Commission (through the City of Boston ("the City")) had no authority over the St. Francis House, and as a result, the City was not a proper party to this lawsuit.  But it was inappropriate for the lower court to rely on the City's unsupported assertions on a motion to dismiss.  Compare Fed. R. Civ. P. 56.  See Clorox Co. Puerto Rico v. Proctor & Gamble Comm'l Co., 228 F.3d 24, 20 (1st Cir. 2000); Fed. R. Civ. P. 12(b).

Still, Count I of the Complaint was subject to dismissal under Fed. R. Civ. P. 12(b)(6).  "As is well established, § 1983 creates no independent substantive

rights, but rather provides a cause of action by which individuals may seek money damages for governmental violations of rights protected by federal law." Cruz-Erazo v. Rivera-Montanez, 212 F.3d 617, 621 (1st Cir. 2000). The Complaint fails to state a due process claim because it fails to allege any specific liberty or property interest which was threatened by the alleged wrongdoing, and because it does not allege any actions which approach the "shocks the conscience" standard. Pittsley v. Warish, 927 F.2d 3, 6 (1st Cir. 1999). Further, to the extent Count I attempts to set out a procedural due process claim, it fails because any alleged wrongdoing may be remedied through an action under the state public records law. "[A] procedural due process claim is not actionable unless, inter alia, no adequate 'post-deprivation remedy' is available under state law." See Perez-Ruiz v. Crespo-Guillen, 25 F.3d 40, 42 (1st Cir. 1994).

To the extent Count I claims a violation of Lu's First Amendment rights, that claim is inadequate as a matter of law, too. See Houchins v. KQED, Inc., 438 U.S. 1, 9 (1978) (Burger, C.J., plurality) ("This Court has never intimated a First Amendment guarantee of a right of access to all sources of information within government control.");

-3-

El Dia, Inc. v. Hernandez Colon, 963 F.2d 488, 495 & n. 8 (1st Cir. 1992) (no authority for first amendment right of access to information outside criminal justice context) (citing Houchins).

That leaves only the state law claim. The claim is not properly before the federal court, since to the extent Lu seeks declaratory or injunctive relief under the state law, "[a] federal court may not order state officials to conform their behavior to state law." Quintero de Quintero v. Aponte-Roque, 974 F.2d 226, 230 (1st Cir. 1992) (citing Pennhurst State School & Hosp. V. Halderman, 465 U.S. 89, 106 (1984)). But we cannot tell whether the claim is subject to dismissal on other grounds. Though the Commission apparently is only an arm of the City and so not separately subject to suit, it seems at this early stage of the litigation, a simple amendment to the pleadings would address that problem. See Fed. R. Civ. P. 15(a). We will not affirm the dismissal of Count II with prejudice on this ground.

We thus vacate the dismissal on the merits of Count II and direct the district court to remand this state law claim to the state court from whence it had been removed.

The judgment of the district court is affirmed in part and vacated in part; the dismissal of Count I with prejudice is affirmed; the dismissal of Count II is vacated, and the district court is directed to remand the Count to the state court.