Butler v. Hitchiner Corp.        CV-96-624-JD  05/13/98
                  UNITED STATES DISTRICT COURT FOR THE
                       DISTRICT OF NEW HAMPSHIRE

Doris J. Butler

     v.                              Civil No. 96-624-JD

Hitchiner Corporation

                            O R D E R


     The plaintiff, Doris J. Butler, brought this action against

the defendant, Hitchiner Manufacturing Corporation, alleging that

the defendant discriminated against her due to her age and sex,

as well as asserting various state law claims.  The plaintiff

voluntarily withdrew some of her claims and had others dismissed

so that only her age discrimination claim in count IV remains.

Before the court is the defendant's motion for summary judgment

on count IV (document no. 13).


                          Background[1]

     The plaintiff began working for the defendant on May 25,

1993.  She was forty-nine years old when hired.  Her duties at

_____

     [1]The court summarizes the facts applicable to the instant
motion, taking disputed issues of material fact in the light most
favorable to the plaintiff.  See DeNovellis v. Shalala, 124 F.3d
298, 306 (1st Cir. 1997).  The plaintiff's complaint encompassed
allegations that the plaintiff was not only terminated because of
her age but also suffered various adverse employment actions.
However, the plaintiff, in opposition to summary judgment, has
only proffered evidence and argument related to her discharge and
the court accordingly limits its consideration to that issue.  A
more detailed account of the plaintiff's initial claims is
presented in the court's December 4, 1997, order.

her initial position as a utility operator involved wiping golf clubs with naphtha. On June 23, 1993, her supervisor, Scott Bolduc, had a formal discussion with her concerning unsatisfactory work performance and prepared a discussion report reflecting the meeting. On August 3, 1993, the plaintiff was laid off due to a lack of work.

The plaintiff was recalled on December 12, 1993. On January 5, 1994, a second supervisor, Kimiko Aldrich, also discussed the plaintiff's unsatisfactory work performance with her and prepared a discussion report. On March 14, 1994, the plaintiff was promoted to the position of process inspector.

On April 13, 1994, the plaintiff's supervisor in her new position, Victor Gilding, discussed his concern with the plaintiff about her overall performance and completed a discussion report. On June 14, 1994, Gilding had another discussion with the plaintiff and prepared another discussion report concerning the poor quality of her inspections, stating that the quality of the plaintiff's work had to improve. On June 20, 1994, the plaintiff received a written warning for failure to follow instructions after a written discussion report.[2] On

_____

[2] On July 14, 1994, the plaintiff received another discussion report because she was not present at the beginning of her shift without an acceptable reason for her tardiness. The defendant has asserted, however, that this episode played no role in its decision to dismiss the plaintiff and the plaintiff has provided no evidence to the contrary.

2

August 9, 1994, the plaintiff received a final written warning for poor overall job performance.

On September 12, 1994, the plaintiff was removed from her inspection position and given a job, at the same salary, weighing clubs.[3] In late September of 1994, Richard Bickford, the defendant's human resources manager, learned from plant managers that they considered the plaintiff's performance in her new position weighing clubs to be unsatisfactory. Because she was on a final written warning for poor job performance, Bickford authorized her termination for poor performance. The plaintiff was discharged on September 27, 1994. She was fifty years old when her employment was terminated and had worked for the defendant for less than one year.

The plaintiff does not agree with her managers' negative assessments of her job performance. The plaintiff wrote letters to managers in response to the April 13, June 20, and August 9 reports asserting that the criticisms of her performance were unfounded for two reasons. First, the plaintiff asserted that she was being subjected to "subtle harassment" by other employees, who unfairly complained to managers about her

---

[3]Although the defendant asserts that the plaintiff's inspection position was eliminated, the plaintiff asserts, and the court therefore assumes for the sake of this motion, that she was replaced in the position by a younger employee. See infra note 4.

inspection work and who became upset when she returned work to them which she believed needed rework. Specifically, the plaintiff has alleged the following: "[A] co-employee named Sandy would remove my inspection tags from rejected work, so that material I had tagged for rework would move forward as inspected. I believe Sandy would do this so her team could make rate to make bonus." Pl.'s Aff., ¶ 4. Second, the plaintiff asserted that her efficiency ratings appeared low because she was not being given enough work to do. Despite numerous requests by the plaintiff, the defendant refused to reconsider its decision to discharge her.

The plaintiff brought this action after presenting her complaint to the Equal Employment Opportunity Commission. The defendant has sought summary judgment on the plaintiff's age discrimination claim, asserting that it had a legitimate, non-discriminatory reason for her discharge, i.e. her inability to satisfactorily perform her job duties. The plaintiff asserts that the defendant's proffered reason for her discharge is pretextual and that she was actually discharged because of her age.

## Discussion

The role of summary judgment is "to pierce the boilerplate of the pleadings and assay the parties' proof in order to

4

determine whether trial is actually required." Snow v. Harnischfeger Corp., 12 F.3d 1154, 1157 (1st Cir. 1993) (quoting Wynne v. Tufts Univ. Sch. of Med., 976 F.2d 791, 794 (1st Cir. 1992)). The court may only grant a motion for summary judgment where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of establishing the lack of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Quintero de Quintero v. Aponte-Roque, 974 F.2d 226, 227-28 (1st Cir. 1992). The court must view the entire record in the light most favorable to the plaintiff, "'indulging all reasonable inferences in that party's favor.'" Mesnick v. General Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991) (quoting Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990)). However, once the defendant has submitted a properly supported motion for summary judgment, the plaintiff "may not rest upon mere allegation or denials of [her] pleading, but must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986) (citing Fed. R. Civ. P. 56(e)).

Where, as here, a plaintiff does not have direct evidence of

5

age discrimination, to prevail on her claim she must first make out a prima facie case consisting of the following elements: (1) the plaintiff was at least forty years old; (2) she was able to perform her job to meet her employer's legitimate expectations; (3) she was discharged; (4) she was replaced by a significantly younger individual with similar qualifications. See, e.g., O'Connor v. Consolidated Coin Caterers Corp., 517 U.S. 308, 312-13 (1996); Vega v. Kodak Caribbean, Ltd., 3 F.3d 476, 479 (1st Cir. 1993). Once the plaintiff has established a prima facie case, the burden of production shifts to the defendant to articulate a legitimate, nondiscriminatory reason for dismissing the plaintiff. See, e.g., Ruiz v. Posadas de San Juan Assocs., 124 F.3d 243, 248 (1st Cir. 1997). If the defendant articulates such a reason, the burden shifts to the plaintiff to

> demonstrate that the proffered reason for the adverse employment action was simply a pretext for age discrimination, which in turn requires that the employee proffer enough competent evidence to support two findings: 1) the employer's proffered reason was pretextual; and, 2) its true motive was age discrimination. The burden of persuasion remains on the plaintiff employee at all times.

Id. (quotations and citations omitted).

The defendant asserts that, even assuming that the plaintiff has made out a prima facie case of age discrimination, she has not produced any evidence that she was discriminated against because of her age beyond "supposition and generalization." The court, for the purposes of this motion, assumes without deciding

6

that the plaintiff has indeed made out a prima facie case of age discrimination.[4] The court finds that the defendant has adduced sufficient evidence, in the form of negative performance evaluations of the plaintiff from three different managers, to satisfy its burden of articulating a legitimate, non-discriminatory reason for the plaintiff's discharge.

The court therefore must consider the plaintiff's evidence that the defendant's proffered justification for her discharge was a pretext and that the real reason for her discharge was age discrimination. Specifically, the court must

> inquire whether the evidence, in its entirety, would permit a reasonable factfinder to infer that the proffered reason for the dismissal was pretextual and that the true reason was an age-based animus. In pursuing this inquiry, [the court] focus[es] on whether the employer believed that its proffered reason was credible. That is, [the plaintiff] must do more than cast doubt on the rationale proffered by the employer, the evidence must be of such strength and quality as to permit a reasonable finding that the [discharge] was obviously or manifestly unsupported.

---

[4]Although the court has assumed arguendo that the plaintiff has made out a prima facie case of age discrimination, it notes that the plaintiff's showing appears to be deficient in at least two respects. First, as discussed more fully infra, the plaintiff has offered no evidence that she was able to meet the legitimate performance expectations of the defendant beyond her own conclusory assertions. Second, the plaintiff, in support of her claim that she was replaced by a younger employee with similar qualifications, has made the following averment: "The young gentleman who replaced me, performing my job, told me in person, in the parking lot at [the defendant's facility], that he would be taking my place." Although this statement might constitute some evidence that the plaintiff was replaced, it does not indicate that her replacement had similar qualifications.

Id. (quotations and citations omitted).

The plaintiff has proffered evidence in four categories to support her claim that she was discharged because of age-based animus: (1) her assertion that illicit age discrimination was the basis of the acts taken against her; (2) her claim that the defendant's proffered reason for her discharge -- poor performance -- was untrue, that her employers knew it was untrue, and therefore that her discharge was a pretext; (3) her claim that older employees were treated differently by the defendant than younger employees; and (4) statistics purporting to show that a disproportionately high number of employees age forty or older were discharged by the defendant. The court discusses each type of evidence seriatim.

The plaintiff has stated the following: "I believe my age was the reason for my mistreatment while employed [by the defendant.]" See Mem. of Law in Supp. of Pl.'s Obj. to Def.'s Mot. for Summ. J. ("Pl.'s Obj."), Ex. A, ¶ 8. In addition, the record contains the letters sent by the plaintiff to the defendant in response to discussion reports and warnings that she received. These letters also contain numerous assertions by the plaintiff that she was performing her job adequately and was being treated unfairly by other employees. Such conclusory allegations and unsupported opinions, even though genuinely held, are insufficient to satisfy the plaintiff's burden of

8

demonstrating a genuine issue of material fact requiring a trial and add nothing to her claim. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986) (citing Fed. R. Civ. P. 56(e)) (plaintiff "may not rest upon mere allegation" in opposing summary judgment); DeNovellis v. Shalala, 124 F.3d 298, 306 (1st Cir. 1997) ("conclusory allegations, improbable inferences, and unsupported speculation" insufficient to prevent the grant of summary judgment); LeBlanc v. Great Am. Ins. Co., 6 F.3d 836, 849 (1st Cir. 1993) (granting summary judgment despite plaintiff's arguments "based largely upon conclusory allegations, improbable inferences, and unsupported speculation").

Next, the plaintiff offers her contention that the defendant's proffered reason for her dismissal was a pretext. However, both the plaintiff's bald assertions that her job performance was satisfactory and that the defendant's proffered justification for her discharge was a pretext are, as noted supra, insufficient to defeat a properly supported motion for summary judgment. In addition, the plaintiff's own factual assertions undercut any inference that she was discharged because of a discriminatory animus. The plaintiff asserts that she received poor evaluations because employees were undermining her work and complaining about her performance to her supervisors.[5]

_____

[5]In addition to the plaintiff's complaints that an employee named Sandy removed inspection tags from her work, the plaintiff, in her deposition, stated the following:

If true, such evidence tends to show, at best, that the plaintiff's supervisors were mistaken in their belief that her performance was inadequate. However, the defendant's belief that the plaintiff could not meet its reasonable performance

---

Q [By defense counsel]: Okay. And you say that those employees lied and harassed you. Okay. Would that be the same thing you talked about earlier, which is the fellow named John who swore at times when you returned work to him to redo, and the -- your comment that you felt the employees were lying about your work as an inspector, because they were worried about their efficiency rates and their bonuses?

A [By plaintiff]: Yes.

Q: Okay. Is there anything else other than that that you're basing this statement on that they lied and harassed you?

A: I'm just referring to that whole incident of why those two came about, those two disciplinary action reports, so –

. . .

Q: Okay. So as I understand your complaint, it's that you felt that you were doing your job properly, management felt that you were not doing it properly, and you were not properly inspecting the clubs, and you felt that management's conclusions were based upon misrepresentations by operators were lying to management, because they were concerned with their efficiency rates; is that right?

A: Yes.

Pl.'s Dep. at 206-07.

10

expectations, even if mistaken, provides a legitimate, non-discriminatory reason for the plaintiff's discharge.  See Ruiz, 124 F.3d at 248.  Furthermore, nothing in the record supports the plaintiff's bald assertion that the defendant knew that her performance was adequate (because she had informed her supervisors that it was) but seized on these incidents with other employees as a pretext to discharge her to cover its age-based discriminatory animus toward her.  This evidence also fails to satisfy the plaintiff's burden of demonstrating the existence of a genuine issue of material fact.

Next, the plaintiff asserts that the defendant treated older employees differently than younger employees.  In addition to herself, the plaintiff in her deposition identified two employees who she alleges were also singled out for unfavorable treatment because of their age.  However, when asked upon what facts she based this allegation, the plaintiff responded that "I wouldn't be able to be specific on that, because you'd have to be there." Pl.'s Dep. at 324; see generally Pl.'s Dep. at 323-25.  In addition to failing to support her allegation with specific facts, the plaintiff also has failed to demonstrate any affirmative link between alleged discriminatory conduct on the job and her discharge.  Therefore, this evidence does not satisfy the plaintiff's burden of demonstrating the existence of a genuine issue of material fact.

11

Finally, the plaintiff has introduced statistical information in support of her claim that the defendant discriminated against workers at its Redington Street and Beacon Street facilities on the basis of age. In 1994, the defendant employed 765 employees, 156 of whom were forty or older. Thus, employees forty or older comprised 20.4% of all employees. From May 25, 1993, through September 27, 1994, the approximate period of the plaintiff's employment, seventy-seven employees were "released or discharged" from employment. See Pl.'s Obj., Ex. C, ¶ 37. Of the seventy-seven released or discharged employees, the ages of seventy-three are known. Eighteen of those seventy-three were forty or older. Thus, of the seventy-three released or discharged employees whose ages are known, employees forty or older comprised 24.7% of released or discharged employees. Assuming the four employees whose ages are unknown were forty or older, employees forty or older comprised 28.6% of released or discharged employees.

The plaintiff's statistical information suffers several inadequacies. First, the statistics, by counting together employees who were "released or discharged," apparently fail to distinguish between voluntary and involuntary departures. See LeBlanc, 6 F.3d at 848. Even assuming that all the reported discharges were involuntary, the plaintiff has provided no indication that the increased rate of discharge for older

12

employees is statistically significant. See, e.g., Mack v. Great Atlantic & Pacific Tea Co., 871 F.2d 179, 184 (1st Cir. 1989) ("[P]laintiff proffered no expert testimony or other insights to show the probativeness of the figures, their likely statistical significance, or the inferences which might properly be drawn from them."); see also LeBlanc, 6 F.3d at 848. Moreover, the plaintiff has provided no evidence to connect the statistics to the defendant's decision to dismiss her. See id. Therefore, the plaintiff's statistical evidence is insufficient to allow a reasonable fact finder to infer that the plaintiff was discharged by the defendant because of age discrimination.

Although the court has discussed the plaintiff's proffered evidence separately, the court must consider the evidence "in its entirety" when analyzing whether the plaintiff has adduced sufficient evidence to "permit a reasonable factfinder to infer that the proffered reason for the dismissal was pretextual and that the true reason was an aged-based animus." See Ruiz, 124 F.3d at 248. However, even considered together the plaintiff's evidence is insufficient to generate a trialworthy issue in support of her claim. The plaintiff was hired when she was forty-nine and fired after less than a year of employment at the age of fifty. During her employment she was the subject of six personnel actions based on inadequate performance. The plaintiff suggests that these actions were a pretext for illicit age

13

discrimination, but her only supporting evidence consists of unspecific, conclusory, self-serving asseverations on the one hand and dubious statistics on the other. No reasonable fact finder could conclude, based on such a weak showing, that the plaintiff was discharged because of her age. Therefore, the defendant is entitled to summary judgment.

<u>Conclusion</u>

For the reasons stated above, the defendant's motion for summary judgment on the plaintiff's age discrimination claim in count IV (document no. 13) is granted. The clerk is ordered to close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge

May 13, 1998

cc:  Leslie H. Johnson, Esquire
     Robert E. Jauron, Esquire

14