Maria Esther **RABASSA SUAREZ,**
et al., **Plaintiff,**

v.

**FORD MOTOR COMPANY, Defendant.**

**CIVIL NO. 01–1242(JAG).**

United States District Court,
D. Puerto Rico.

May 16, 2002.

Michelle Pirallo-Di Cristina, San Juan, PR, for Plaintiffs.

Manuel A. Guzman-Rodriguez, Manuel A. Guzman Law Office, San Juan, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

The Court has before it plaintiffs María Esther Rabassa Suárez and Katya Molero Rabassa's ("plaintiffs") objections to Magistrate–Judge Jesús Castellanos's report and recommendation. (Docket Nos. 34, 35.) On April 26, 2002, Magistrate–Judge Castellanos recommended that the Court dismiss the Complaint on the grounds that the plaintiffs claims were barred by the applicable statute of limitations. Based on a review of the record and the applicable law, the Court *adopts* the report and recommendation and dismisses the Complaint.

## FACTUAL BACKGROUND

On February 28, 2001, plaintiffs filed a diversity action against defendant Ford Motor Company ("Ford") stemming from a November 8, 1999 car accident in which the plaintiffs's Ford Explorer flipped over after being hit by another sports utility vehicle. Plaintiffs filed a products liability suit alleging that they suffered damages as a result of Ford's negligent design and manufacture of its Ford Explorer, and "from knowingly suppressing information relative to its proneness to flip over under certain circumstances." (Docket No. 35 at 2.)

On February 6, 2002, Ford filed a motion to dismiss, on the grounds that plaintiffs's claims were barred by the one-year statute of limitations for tort actions set forth in Article 1868 of the Puerto Rico Civil Code, 31 L.P.R.A. § 5298(2). (Docket No. 20.) On February 19, 2002, plaintiffs filed their opposition. (Docket No. 23.) Ford filed a reply brief on March 4, 2002. (Docket No. 25.)

On April 26, 2002, Magistrate–Judge Jesús Castellanos issued a report and recommendation in which he concluded that plaintiffs had filed their suit belatedly. (Docket No. 34.) Dissatisfied with the ruling, plaintiffs filed objections to the report and recommendation on May 10, 2002. (Docket No. 35.)

## DISCUSSION

"[A] judge of the [district] court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §§ 636(b)(1)(C). These objections must be filed in a timely manner, according to the rules of the Court, which state that objections "shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the legal basis for such objection." Rule 510.2, Local Rules, District of Puerto Rico.

Plaintiffs object to the Magistrate–Judge's conclusion that their Complaint is time-barred. They claim that they were unaware that their Ford Explorer was defective at the time of the accident, and that they became aware of the vehicle's defect sometime around August 9, 2000, as a result of the nationwide tire recall issued in connection with Ford Explorer sports utility vehicles. (Docket No. 35 at 1–2.) With respect to Ford's statute of limitations argument, plaintiffs contend that they were not aware of the existence of their cause of action until August, 2000, and were therefore unable to bring suit until they acquired sufficient knowledge as to who caused their injury. (*Id.* at 6–7.)

Both parties agree that the Court must apply substantive Puerto Rico law in deciding the statute of limitations issue. *See, e.g., Torres v. E.I. Dupont De Nemours & Co.*, 219 F.3d 13, 18 (1st Cir.2000). Plaintiffs sued Ford pursuant to Article 1802 of the Puerto Rico Civil Code. *See* 31 P.R. Laws Ann. § 5141. The one-year limitations period set forth in Article 1868(2) begins to run "when the injured party knew or should have known of the injury and of the likely identity of the tortfeasor." *Tokyo Marine & Fire Ins. Co., Ltd. v. Perez & Cia., De Puerto Rico, Inc.*, 142 F.3d 1, 3 (1st Cir.1998)(*quoting Colon Prieto v. Geigel*, 115 P.R. Dec. 232, 243, 1984 WL 270950 (1984)).

After a plaintiff knows of her injury, she cannot "wait for [her] injury to reach its final degree of development and postpone the running of the period of limitation according to [her] subjective appraisal and judgment." *Torres*, 219 F.3d at 19 (*quoting Ortiz v. Municipio de Orocovis*, 113 P.R. Dec. 484, 487 (1982)). Where, as here, a plaintiff brings a tort action more than one year after the operative events that gave rise to the suit, "she bears the burden of proving that she lacked the requisite 'knowledge' at all relevant times." *Hodge v. Parke Davis & Co.*, 833 F.2d 6, 7 (1st Cir.1987)(*quoting Vazquez Morales v. Estado Libre Asociado de Puerto Rico*, 967 F.Supp. 42, 46 (D.P.R. 1997)).

The Court agrees with the Magistrate–Judge's conclusion that plaintiffs have failed to make such a showing. To carry their burden, plaintiffs must establish that (1) they did not have notice of the injury or knowledge of the person who caused the injury; (2) that the reason for their lack of knowledge was not due to negligence or lack of care to acquire the necessary facts. *See Vazquez Morales*, 967 F.Supp. at 46. "If [plaintiffs] fail to meet this burden, the statute of limitations will start to run from the day of the injury regardless of whether [they] have actual knowledge." *Id.*

Stripped to its essence, plaintiffs's argument reduces to a claim that they were unaware of the Ford Explorer's alleged rollover tendency until the August, 2000 Firestone tire recall. Plaintiffs have not shown that they were unable to acquire the necessary facts concerning this potential theory of liability before the statute of limitations ran its course. As the report and recommendation correctly notes, at the time of the accident, plaintiffs knew or reasonably should have known that their damages were caused by the other driver's negligence or by some defective condition (namely, the rollover tendency) of the Ford Explorer. Even a cursory review of the publicly available information on the issue would have revealed that this concern surfaced well before November 8, 1999, and, at the very least, would have enabled plaintiffs to pursue alternative theories of liability against both putative defendants.[1] "Once [plaintiffs] were put on notice of a potential legal cause of action, the statute of limitations began to

1. In its reply, Ford submitted several exhibits that showed the extent to which the Ford Explorer rollover issue had been made public prior to November 8, 1999. The report and recommendation does not expressly state whether it considered these materials when ruling upon the motion to dismiss, thereby converting the motion to dismiss into a motion for summary judgment. *See, e.g., Aldahonda–Rivera v. Parke Davis & Co.*, 882 F.2d 590, 592 (1st Cir.1989)(when the Court considers matters outside the pleadings, "this converts the motion into one for summary judgment" pursuant to Fed.R.Civ.P. 56). In any event, the documents make clear that plaintiffs's claim that there was no publicly available documentation is unavailing.

run." *Torres,* 219 F.3d at 22; *see also Rodriguez–Suris v. Montesinos,* 123 F.3d 10, 16 (1st Cir.1997). Plaintiffs's lack of diligence cannot serve to toll the statute of limitations, which expired in March, 2000, well before the filing of this suit.[2]

The Court need not go further. The Magistrate–Judge has produced a well-reasoned opinion, and the Court will refrain from "[waxing] longiloquent simply to hear its own words resonate." *In re San Juan Dupont Plaza Hotel Fire Litig.,* 989 F.2d 36, 38 (1st Cir.1993).

### CONCLUSION

For the foregoing reasons, the Court *adopts* the Magistrate–Judge's report and recommendation, and dismisses the Complaint against Ford. Judgment will enter accordingly.

IT IS SO ORDERED.

---

**2.** The Court also concurs with the Magistrate–Judge's conclusion that plaintiffs failed to plead sufficient facts to state a claim for fraudulent concealment. (Docket No. 34 at 6–7.)